United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Uniq Branch Office Mexico, S.A. de C.V., and Jacobo Helfon Daniel, Plaintiffs,<br><br>v.<br><br>Steel Media Group, LLC, and others, Defendants. | )<br>)<br>)<br>) Civil Action No. 22-23876-Civ-Scola<br>)<br>)<br>)<br>) |

**Order Granting Motion to Set Aside Default**

This matter is before the Court on Defendants Steel Media Group, LLC ("Steel Media") and Luis Fernando Rodriguez Mejia's ("Mr. Rodriguez," and collectively, the "Steel Media Defendants") motion to set aside default. (Mot., ECF No. 47.) The Plaintiffs have responded in opposition. (Resp., ECF No. 52.) Having reviewed the briefing, the record, and the relevant legal authorities, the Court **grants** the motion. (**ECF No. 47**.)

The Court finds that the Steel Media Defendants have established good cause to set aside their default. The Plaintiffs argue that the Steel Media Defendants' default was willful, that they will be prejudiced by setting aside the default, and the Steel Media Defendants do not provide meritorious defenses. (Resp. at 4-12.) The Steel Media Defendants meet each requirement, however.

"It is the general rule that default judgments are ordinarily disfavored because cases should be decided upon their merits whenever reasonably possible." *Creative Tile Marketing, Inc. v. SICIS Intern.*, 922 F. Supp. 1534, 1536 (S.D. Fla. 1996) (Moore, J.). A court may set aside a clerk's default for good cause shown. Fed. R. Civ. P. 55(c); *see also Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance." *Id.* To determine whether good cause exists, the Court considers (1) whether the default was culpable or willful; (2) whether setting it aside would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense. *Id.* The Court finds that the Steel Media Defendants have made a sufficient showing of good cause. *Griffin IT Media, Inc. v. Intelligentz Corp.*, No. 07-80535-CIV, 2008 WL 162754, at *3 (S.D. Fla. Jan. 16, 2008) (Marra, J.) (observing that, where the defendant moved to set aside the Clerk's entry of default less than three weeks after it was entered, this constituted a "reasonable time to respond and attempt to vacate the entry of default" and finding the default not to be willful).

The Court does not find the Steel Media Defendants' default to be willful. *See, e.g., Rensel v. Centra Tech, Inc.*, No. 17-24500-Civ, 2019 WL 7376756, at *1 (S.D. Fla. Sept. 12, 2019) (Scola, J.) (denying motion to set aside default where defendant's failure to timely respond was willful because "the Court has given [the defendant] ample opportunity to comply with the court's orders" but the defendant failed to do so over a period of months). The Steel Media Defendants response to the service of the complaint—failing to address the complaint due to a deluge of demands and associated financial hardship—is doubtlessly negligent. (Mot. ¶¶ 14-16.) But it does not rise to the level of willfulness required to sustain the Steel Media Defendants' default. Further, the Steel Media Defendants' relatively prompt response to their default supports a finding that their default was not willful.

The Court also finds that the Plaintiffs have not been prejudiced by the Steel Media Defendants' default. The Plaintiffs claim that they are prejudiced by delays in the case and the expenses they have incurred in attempting to serve the Steel Media Defendants and draft and submit the motion for clerk's default and related filings. (Resp. at 8-9.) To demonstrate prejudice, the Plaintiffs must "show that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties." *Griffin IT Media*, 2008 WL 162754, at *3. The Plaintiffs make a conclusory statement that "there is a possibility that this delay in discovery has resulted in the loss of evidence and depletion of Defendants [sic] assets to satisfy any judgment against them," but the Plaintiffs offer no factual support or even argument to support this statement. (Resp. at 8.) Therefore, this statement alone is insufficient to justify maintaining the default judgment, and the Plaintiffs provide no other support for a finding of the kind of prejudice necessary to sustain default. *Griffin IT Media*, 2008 WL 162754, at *3.

Finally, the Court finds that the Steel Media Defendants have sufficiently stated "a hint of a suggestion" that they have meritorious defenses. *See, e.g., id.* (observing that, "with respect to a meritorious defense, 'likelihood of success is not the measure' . . . the movant need only provide 'a hint of a suggestion' that [its] case has merit.") (cleaned up). Here, the Steel Media Defendants suggest that they have meritorious defenses. (Mot. ¶ 19 (listing proposed affirmative defenses).) While the Plaintiffs argue that the Steel Media Defendants do not provide a defense to the breach of contract claim (Resp. at 10), the Steel Media Defendants' indemnification defense could apply to that claim (Mot. ¶ 19(5).) The Plaintiffs also dispute the legal application of the Steel Media Defendants' proposed defenses, but this is not the appropriate forum for their arguments. While the Steel Media Defendants provide little more than a "hint of a suggestion" that they have meritorious defenses, and those defenses may not ultimately succeed on the merits, their assertions are sufficient to set aside their default under the liberal

standard applied. *See, e.g., Griffin*, 2008 WL 162754, at *3. The Court therefore grants the Steel Media Defendants' motion to set aside default.

For the reasons stated above, the Court **grants** Defendants Steel Media Group, LLC and Luis Fernando Rodriguez Mejia's motion to set aside default. (**ECF No. 47**.) The Steel Media Defendants shall file their answer to the second amended complaint no later than **April 17, 2023**.

**Done and ordered** in Miami, Florida, on April 3, 2023.

_____
Robert N. Scola, Jr.
United States District Judge