United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Uniq Branch Office Mexico, S.A. de C.V., and Jacobo Helfon Daniel, Plaintiffs,<br><br>v.<br><br>Steel Media Group, LLC, and others, Defendants. | )<br>)<br>)<br>) Civil Action No. 22-23876-Civ-Scola<br>)<br>)<br>)<br>) |

### Order

This matter is before the Court on the Plaintiffs' motion for leave to file a third amended complaint. (Mot., ECF No. 70.) Defendants Steel Media Group, LLC, Fernando Rodriguez Mejia, and Gisela Coloma have responded in opposition. (Resp., ECF No. 74.) The Plaintiffs have replied in support of their motion. (Reply, ECF No. 76.) After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **grants** the Plaintiffs' motion. (**ECF No. 70**.)

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party seeking to amend its complaint more than twenty-one days after the defendant has served a responsive pleading or a motion to dismiss may do so only with the opposing party's written consent or the court's leave. Leave shall be freely given when justice so requires. Rule 15(a) reflects a policy of "liberally permitting amendments" and absent a "substantial reason to deny leave to amend" a plaintiff's request should be granted. *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984). "However, where a party's motion to amend is filed after the deadline for such motions, as delineated in the court's scheduling order, the party must show good cause why leave to amend the complaint should be granted." *Smith v. Sch. Bd. Of Orange Ctny.*, 487 F.3d 1361, 1366 (11th Cir. 2007) (citing Fed. R. Civ. P. 15(a)). "[G]ood cause exists when evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed." *Ameritox, Ltd. v. Aegis Servs. Corp.*, No. 07-80498-CIV, 2008 WL 2705435, at *2 (S.D. Fla. July 9, 2008) (Marra, J.), *modified on reconsideration*, No. 07-80498-CIV, 2009 WL 10668614 (S.D. Fla. May 13, 2009). In determining whether good cause exists, the Court must look at whether "(1) there has been undue delay or bad faith; (2) allowing an amendment would cause undue prejudice to the opposing party; [and] (3) an amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

The Plaintiffs seek to amend their complaint in order to bring claims against a new defendant based on information obtained in discovery from other Defendants that have since been dismissed from this matter. (Mot. ¶¶ 6-9.) The Plaintiffs also seek to amend their operative complaint in response to Defendant Gisela Coloma's motion to dismiss. (*Id.* ¶ 7.) The Defendants argue that the Plaintiffs have not been diligent in seeking leave to amend and they should have been aware of the prospective defendant because she is Defendant Rodriguez's wife. (Resp. at 5-8.) The Defendants do not argue that they would be prejudiced by amendment or that amendment would be futile. (*Id.*)

The Court finds that the Plaintiffs have acted with diligence in seeking leave to amend and therefore have good cause to file a third amended complaint. The Plaintiffs moved to amend less than a month after receiving discovery materials from now-dismissed Defendants Match Hospitality, WLL and Match Hospitality AG. (Reply at 5-6.) And, as the Plaintiffs note, the currently present Defendants did not appear in this action until <u>after</u> the deadline to amend the pleadings had passed. (*Id.* at 3-5.) The Plaintiffs did act with reasonable diligence in seeking amendment, in light of the procedural background in this matter. *Smith*, 487 F.3d at 1366. Nor should the Plaintiffs have necessarily expected that Defendant Rodriguez's wife should be named as a defendant prior to receiving discovery materials indicating her possible involvement in this matter; in fact, the course the Defendants urge would require the Plaintiffs to have abandoned their duty under Federal Rule of Civil Procedure 11 to diligently investigate their claims and ensure their claims had factual support prior to filing.

Therefore, the Court **grants** Plaintiffs' motion (**ECF No. 70**.) Consistent with Federal Rule of Civil Procedure 15 and Local Rule 15.1, the Plaintiffs must separately file their third amended complaint, as submitted as an exhibit to the motion (ECF No. 70-1), no later than **June 20, 2023**.

**Done and ordered** in Miami, Florida, on June 15, 2023.

_____
Robert N. Scola, Jr.
United States District Judge