United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Uniq Branch Office Mexico, S.A. de C.V., and Jacobo Helfon Daniel, Plaintiffs, | ) ) ) ) |
| v. | ) Civil Action No. 22-23876-Civ-Scola ) ) |
| Steel Media Group, LLC, and others, Defendants. | ) ) ) |

### Order Denying Motion to Dismiss Third-Party Complaint

This matter is before the Court on Third-Party Defendants Match Hospitality, WLL, and Match Hospitality AG's (the "Match Defendants") motion to dismiss Third-Party Plaintiff Steel Media Group, LLC's ("Steel Media") third-party complaint. (Mot. Dismiss, ECF No. 65.) Steel media filed a response to the motion (ECF No. 73), and the Match Defendants filed a reply memorandum in support of their motion (ECF No. 75). After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **denies** the Match Defendants' motion to dismiss the third-party complaint. (**ECF No. 65**.)

1. **Background**

This matter arose out of a transaction for the resale of "luxury hospitality packages" and "tickets to the 2022 FIFA World Cup in Qatar." (Third Am. Compl. ¶ 1, ECF No. 78.) Steel Media is accused by the Plaintiffs, Uniq Branch Office Mexico, S.A. de C.V., and Jacobo Helfon Daniel, of misappropriating funds paid to it to satisfy payment obligations on those luxury hospitality and ticket packages, which allegedly resulted in Steel Media defaulting on its agreements with the Match Defendants for the purchase of those tickets. (*Id.*) According to the Plaintiffs, Steel Media's failure to make the promised final payments to the Match Defendants resulted in the Match Defendants' "retaining deposits belonging to the Plaintiffs' clients." (*Id.*)

Steel Media now brings a third-party complaint against the Match Defendants, bringing claims for breach of contract and unjust enrichment. (Third Pty. Compl. ¶¶ 20-31, ECF No. 56.) Steel Media claims that the Match Defendants—the original, authorized sellers of all World Cup packages and tickets—wrongfully retained Steel Media's deposit when Steel Media "was unable to make payment in full." (*Id.* ¶¶ 11, 13, 14.) Steel Media alleges that the Match Defendants "were able to re-sell the tickets," and that the Match Defendants'

retention of the $271,840 down payment "constitutes an unenforceable penalty." (*Id.* ¶¶ 13-16.)

Based on the Match Defendants' retention of the down payment, Steel Media claims that the Match Defendants breached the contract because contract damages would be "readily ascertainable" and the retention of the deposit is "grossly disproportionate" to any harm the Match Defendants suffered. (*Id.* ¶ 25.) In the alternative, Steel Media claims that the Match Defendants were unjustly enriched by retaining the $271,840 that Steel Media paid as a deposit. (*Id.* ¶ 28.)

The Match Defendants now move to dismiss the third-party complaint, arguing that both of Steel Media's counts fail to state a claim upon which relief may be granted. First, the Match Defendants argue that the retention of the deposits is not an unenforceable penalty because such a provision is typical in contracts and deposits are "generally non refundable." (Mot. Dismiss ¶ 3.) Second, the Match Defendants argue that the unjust enrichment claim should be dismissed because Steel Media pleads a contract claim. (*Id.* ¶ 5.) Steel Media opposes both arguments. (Resp. at 3-5.)

### 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal punctuation omitted) (quoting Fed. R. Civ. P. 8(a)(2)). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Regardless of a plaintiff's allegations, "the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### 3. Analysis

Both of the Match Defendants' arguments for dismissal lack merit. First, the Court cannot—and should not—resolve whether the retention of the deposit constitutes an unenforceable penalty at the pleadings stage, especially where

neither party has provided the contract terms at issue for the Court's review. Second, an unjust enrichment claim may be properly pleaded in the alternative alongside a breach of contract claim. Simply put, the pleadings stage is not the appropriate time for the resolution of the Match Defendants' arguments.

Florida law is "well settled" that "parties to a contract may stipulate in advance to an amount to be paid or retained as liquidated damages in the event of a breach. *Lefemine v. Baron*, 573 So. 2d 326, 328 (Fla. 1991). Florida courts must, however, determine whether such liquidated damages provisions are an unenforceable penalty by applying a two-part test. *Id.* "First, the damages consequent upon a breach must not be readily ascertainable." *Id.* "Second, the sum stipulated to be forfeited must not be so grossly disproportionate to any damages that might reasonably be expected to follow from a breach as to show that the parties could have intended only to induce full performance, rather than to liquidate their damages." *Id.*

The Court simply cannot resolve this test at the pleadings stage, with no evidence of whether damages were readily ascertainable or grossly disproportionate, especially where, as here, the parties do not even provide the contract provision at issue for the Court's review. Steel Media has pleaded that the retention of the $271,840 deposit was grossly disproportionate to expected damages and that those damages would have been readily ascertainable, especially as the tickets could have easily been resold. (Third Pty. Compl. ¶¶ 15, 25.) Therefore, the Court must deny the Match Defendants' motion to dismiss the breach of contract claim.

Second, it would be inappropriate to dismiss the unjust enrichment claim at this juncture where it is pleaded in the alternative. While a claim for unjust enrichment indeed may not be asserted where there is an adequate remedy at law, "a court is rarely able to determine the adequacy of a remedy at law at the pleading stage of a case before the facts are developed." *Billian v. Mobil Corp.*, 710 So. 2d 984, 991 (Fla. 4th DCA 1998). This is especially true here, where it appears from the parties' briefing that the adequacy of Steel Media's breach of contract remedy will be heavily dependent on facts developed in discovery. *Id.*

### 4. Conclusion

For the reasons stated above, the Court **denies** the Match Defendants' motion to dismiss Steel Media's third-party complaint. (**ECF No. 65**.)

**Done and ordered** in Miami, Florida, on July 17, 2023.

_____
Robert N. Scola, Jr.
United States District Judge