United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Uniq Branch Office Mexico, S.A. de C.V., and Jacobo Helfon Daniel, Plaintiffs, <br><br> v. <br><br> Steel Media Group, LLC, and others, Defendants. | ) ) ) ) ) Civil Action No. 22-23876-Civ-Scola ) ) ) ) |

### Order Denying Motion to Stay Discovery

This matter is before the Court on the Defendant Gisela Coloma's motion to stay discovery (**ECF No. 90**) pending the Court's resolution of Defendants' Steel Media Group, LLC, Luis Fernando Rodriguez Mejia, and Gisela Coloma's motion to dismiss the Plaintiffs' third amended complaint (ECF No. 78). For the reasons explained below, this motion is **denied**.

This action concerns an alleged scheme by Defendants whereby they would enter into agreements to sell World Cup ticket packages to clients of the Plaintiffs, ultimately failing to deliver the tickets but retaining the clients' money. (*See generally* ECF No. 78.) The Plaintiffs have brought eleven Florida common law counts against the Defendants and filed their third amended complaint on June 16, 2023. (*Id.*) Two of the claims are against Defendant Gisela Coloma, who seeks a stay of discovery while the motion to dismiss filed by her and two other Defendants is pending. (ECF No. 90.) The Plaintiffs filed a response to the motion. (ECF No. 93.)

District courts are given "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). As a general rule, motions to dismiss should be resolved as soon as practicable to obviate avoidable discovery costs, especially where a dubious claim appears destined for dismissal. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided."). A stay of discovery pending the determination of a motion to dismiss, however, is the exception rather than the rule. *See McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (Morris, J.) ("A request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case.").

To evaluate whether there is a strong likelihood "the [dismissal] motion will be granted and entirely eliminate the need for such discovery," the district court must take a "preliminary peek" at the merits of the motion. *Feldman v. Flood*, 176 F.R.D. 651, 652-53 (M.D. Fla. 1997) (Corrigan, J.) (citations omitted). The court must also weigh "the harm produced by a delay in discovery" against "the likely costs and burdens of proceeding with discovery." *See id.* at 652 (citations omitted). Both concerns are important—while a defendant should not be forced to expend substantial resources answering discovery when the plaintiff's claims clearly lack merit, the delay and prolongation of discovery can also create case management and scheduling problems and unfairly hold up the prosecution of the case. *See Chudasama*, 123 F.3d at 1368-69; *Feldman*, 176 F.R.D. at 652-53; *see also Kron Med. Corp. v. Groth*, 119 F.R.D. 636, 638 (M.D.N.C. 1988) (Eliason, J.).

Based on the Court's review of the motion to stay and an initial review of the motion to dismiss and the related briefing, the Court will not grant a stay of discovery. Dismissal of the case with prejudice is not a foregone conclusion. Defendant Coloma argues that the Plaintiffs' claims should be dismissed due to lack of standing, lack of subject matter jurisdiction, failure to state a claim, and forum non conveniens. (ECF No. 90 at 3.) These arguments do no more than rehash the Defendants' position, made in their motion to dismiss, that they should prevail. Coloma has also failed to provide any reason that engaging in discovery during the pendency of the motion to dismiss is particularly "burdensome" for her. (*Id.* at 5.)

While the Court must take a "preliminary peek" at the motion and the Complaint to see whether the Plaintiffs' claims are meritless, *Feldman*, 176 F.R.D. at 652-53, the Court is not required to move the Defendants' motion to dismiss to the front of the line, ahead of other cases with pending motions, and fully adjudicate it on the spot. Such a requirement would be unfair to other parties, as well as to the Court. Having preliminarily examined the motion to dismiss, the Court cannot say that this case will certainly be dismissed. The Defendants advance several arguments for dismissal, but the claims are numerous in this case and the Plaintiffs offer at least facially compelling arguments in response such that it appears unlikely that the Court will dismiss the claims against Coloma in full.

Although this case may end in dismissal, that outcome is not apparent enough after a "preliminary peek" to warrant an across-the-board stay of discovery right now—an outcome that is considered the exception, rather than the rule.

Accordingly, the Court **denies** Defendant Coloma's motion to stay discovery. (**ECF No. 90**.)

**Done and ordered** in Miami, Florida, on September 19, 2023.

_____
Robert N. Scola, Jr.
United States District Judge