United States District Court

for the
Southern District of Florida

| | |
|---|---|
| Uniq Branch Office Mexico, S.A. de C.V., and Jacobo Helfon Daniel, Plaintiffs, <br><br> v. <br><br> Steel Media Group, LLC, and others, Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 22-23876-Civ-Scola <br> ) <br> ) <br> ) <br> ) |

### Order on Amended Motion for Summary Judgment

This matter is before the Court on Defendant Gisela Coloma's amended motion for summary judgment and accompanying statement of material facts. (ECF Nos. 151, 152). The Plaintiffs have responded (ECF No. 158) and filed their own statement of material facts (ECF No. 159), and Coloma filed a reply (ECF No. 159). Coloma did not file a reply statement of material facts. After considering the briefing, the record, and the relevant legal authorities, the Court **denies** the motion. **(Mot., ECF No. 151**.)

### 1. Background

The Plaintiffs accuse the Defendants of misappropriating funds intended to purchase luxury World Cup ticket packages, retaining those funds, and failing to deliver the agreed-upon tickets. (*See generally* Third Am. Compl., ECF No. 78.) The Plaintiffs are Uniq Branch Office Mexico, S.A. de CV, a Mexican luxury travel company, and its owner and officer Jacobo Helfon Daniel, suing as subrogees of their clients. (*See* Third Am. Compl., ECF No. 78 ¶¶ 13-14; Order on Mot. to Dismiss, ECF No. 115 at 4-5.) The following are the background facts as told in the Plaintiffs' third amended complaint. (ECF No. 78.) On July 12, 2022, the Plaintiffs entered into an agreement (the "Commission Agreement") with Defendant Steel Media Group, LLC and its sole member, Defendant Luis Fernando Rodriguez Mejia, "whereby Plaintiffs would promote events, in this case the 2022 FIFA World Cup in Qatar, to [their] clients . . . who would then purchase tickets and hospitality packages" through Steel. (*Id.* ¶ 25.) Steel would then pay the Plaintiffs a percentage of the earnings. (*Id.* ¶¶ 26-27.) Steel acted as an intermediary, buying the tickets from FIFA's official seller. (*Id.* ¶¶ 24-25, 27.) Steel used the personal information of multiple people, including Defendant Coloma, to contract and pay for initial deposits on the ticket packages.

In at least four cases, Uniq clients agreed to purchase World Cup ticket packages from the Defendants and made full payments, expecting to receive their ticket packages in due time. (*Id.* ¶¶ 29-32.) In fact, the Defendants would pay the official seller the initial deposits but ultimately fail to pay the full amount, causing the official seller to cancel the sales and retain the deposits. (*Id.* ¶ 36.) The Defendants first lied to Uniq and its clients about the status of the tickets and then lied about the cause of the cancellations, before offering refunds and compensation that were never paid. (*Id.* ¶¶ 36-38.)

The Plaintiffs ultimately reimbursed the clients and now demand the amount the clients paid pursuant to their ticket purchase agreements with the Defendants. (*Id.* ¶¶ 29-32, 40.) The surviving claims at this point in the litigation are counts 1 (breach of contract against Steel and Rodriguez) and 9 (unjust enrichment against Coloma). Coloma's motion for summary judgment pertains to count 9, the unjust enrichment claim. (ECF No. 151.)

## 2. Legal Standard

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. All the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004).

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories, admissions on file and other documents, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 323-24. The nonmovant's evidence must be significantly probative to support the claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court will not weigh the evidence or make findings of fact. *Anderson*, 477 U.S. at 249; *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Rather, the Court's role is limited to deciding whether there is sufficient evidence upon

which a reasonable juror could find for the nonmoving party. *Id.* "If more than one inference could be construed from the facts by a reasonable fact finder, and that inference introduces a genuine issue of material fact, then the district court should not grant summary judgment." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 996 (11th Cir. 1990).

### 3. Analysis

Defendant Coloma moves for summary judgment on the unjust enrichment claim against her (count 9 of the third amended complaint). "A claim for unjust enrichment under Florida law requires showing that: (1) plaintiff has conferred a benefit on defendant; (2) defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for defendant to retain it without paying the value thereof." *OJ Commerce, LLC v. Ashley Furniture Indus., Inc.*, 817 F. App'x 686, 692 (11th Cir. 2020).

Coloma argues in her motion that there is no genuine dispute of the facts material to this claim because the Plaintiffs have not carried their burden of showing that Uniq's clients conferred a benefit on Coloma, that Coloma knew of such a benefit, and that Coloma voluntarily accepted or retained the benefits from the Plaintiffs or their clients. (Mot. at 4.) Coloma also argues that Uniq's clients only made payments to Steel *after* July 12, 2022, making it impossible that Coloma received a benefit from them when the contract for tickets purchased under her name was dated May 2021. (*Id.* at 7.)

The Plaintiffs respond that there is a genuine dispute as to these facts such that a reasonable jury could find in their favor. The Plaintiffs cite the following evidence in support of their position: WhatsApp messages between Coloma and Rodriguez where Coloma appears to be involved in Rodriguez's hospitality business in February 2022, tending to show her awareness of Steel's business dealings (Ex. C to Pls.' Statement of Material Facts, ECF No. 158-3); numerous 2021 and 2022 e-mails from Match WLL to Coloma regarding World Cup package payments that Coloma forwarded to Rodriguez, showing her knowledge that Rodriguez used her name to order ticket packages (Ex. F to Pls.' Statement of Material Facts, ECF No. 158-6); bank statements showing thousands of dollars sent from Steel to Coloma during 2022 (Ex. B to Pls.' Statement of Material Facts, ECF No. 158-4); and a May 2021 contract for World Cup ticket packages between Match WLL and Coloma stating that after the initial deposit, payments were due on June 1, 2021, January 31, 2022, and July 1, 2022 (Ex. E to Pls.' Statement of Material Facts, ECF No. 158-5 at 7).

Summary judgment is not appropriate in these circumstances. "If the moving party fails to show that the facts underlying all the relevant legal

questions raised by the pleadings or otherwise are not in dispute, then summary judgment should be denied—even if the non-moving party has introduced no evidence whatsoever." *Edmondson v. Velvet Lifestyles*, LLC, 43 F.4th 1153, 1160 (11th Cir. 2022) (cleaned up) (citing *Herzog v. Castle Rock Ent.*, 193 F.3d 1241, 1246 (11th Cir. 1999)). And "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . [t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Coloma has far from shown that the facts underlying the unjust enrichment claim are undisputed, and even if she had carried her burden, the Plaintiffs have provided sufficient evidence to throw those facts into question.

  A reasonable jury could find based on the evidence that the Plaintiffs, as subrogees of the Uniq clients, conferred a benefit on Coloma by transferring funds to Steel that were passed onto Coloma, and that Coloma was aware that she was receiving the funds—irrespective of the exact timing of the Uniq clients' payments to Steel. The evidence establishes that material facts are in dispute because the documents show that Coloma was aware of the use of her name and personal information for the purchase of ticket packages from Match WLL and her bank statements show numerous transfers from Steel throughout 2021 and 2022. Coloma's denials via interrogatory responses and written statements further demonstrate that the parties have material factual disagreements that should be resolved by a jury. (Exs. D, E, G to Mot., ECF Nos. 151-4, 151-5, 151-7). There are genuine disputes of the facts underlying the essential elements of unjust enrichment and summary judgment is therefore not appropriate.

  Additionally, according to Coloma, Uniq's clients would have had to *directly* confer a benefit on Coloma in order to sustain a claim for unjust enrichment as a matter of Florida law. Because the funds passed through Steel's account before being transferred to Coloma, she argues, the benefit was not directly conferred. (Mot. at 8-9.) However, this is a misreading of the applicable caselaw, including *Virgilio v. Ryland Grp., Inc.*, which Coloma principally relies on. 680 F.3d 1329, 1337 (11th Cir. 2012). The Florida Supreme Court has held that a plaintiff "must directly confer the benefit to the defendant" to prevail on an unjust enrichment claim. *Kopel v. Kopel*, 229 So. 3d 812, 818 (Fla. 2017)). But a benefit passing through an intermediary does not without more eliminate the "direct" nature of a benefit. In *Virgilio*, the Eleventh Circuit held that plaintiff homeowners had not conferred a sufficiently direct benefit on residential community developers that received a 1.5% marketing fee—not from the plaintiffs—but from the entity that built the

homes. 680 F.3d at 1337. Although the builder likely used money received from the plaintiffs to pay the marketing fee, the Eleventh Circuit rejected the plaintiffs' theory. As the panel explained, "Plaintiffs do not seek to recover money [the developers] received as partial payment for the houses they bought; instead, they seek the money [the builder] paid for marketing services under an entirely separate services contract." *Id.* The benefit received by the developers was therefore too attenuated from the funds paid by the plaintiffs to support an unjust enrichment claim.

The same cannot be said in the instant case for funds that, as part of the same business dealing, were allegedly paid by the Plaintiffs to Steel and then to Coloma. As a court in this district explained, "just because the benefit conferred by Plaintiffs on Defendants did not pass directly from Plaintiffs to Defendants—but instead passed through a third party—does not preclude an unjust-enrichment claim. Indeed to hold otherwise would be to undermine the equitable purpose of unjust enrichment claims. . . . To find otherwise would mean that a company could set up a shell parent company without any funds, funnel money through that shell company, and essentially launder the 'benefit,' thereby defeating any unjust enrichment claim." *Williams v. Wells Fargo Bank N.A.*, No. 11-21233-CIV, 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) (Altonaga, J.); *see Aceto Corp. v. TherapeuticsMD, Inc.*, 953 F. Supp. 2d 1269, 1288-89 (S.D. Fla. 2013) (Marra, J.) (collecting cases). The same is true here, and the Court is therefore unconvinced that the funds having passed through Steel defeats the Plaintiffs' unjust enrichment claim.

Finally, Coloma argues in her motion that the unjust enrichment claim fails because the damages would be duplicative of contract damages available via the Commission Agreement. (Mot. at 10-11.) The Court has already rejected the arguments that this case arises under the Commission Agreement and that the unjust enrichment claim is duplicative of contract damages. (*See* Order on Mot. to Dismiss, ECF No. 115 at 7-8, 13; *see also Kowalski v. Jackson Nat. Life Ins. Co.*, 981 F. Supp. 2d 1309, 1317 (S.D. Fla. 2013) ("Florida courts have held that contracts barring the unjust enrichment claim must be between the parties to the unjust enrichment claim.")) Coloma has therefore failed to establish either that no dispute exists as to material facts or that the Plaintiffs' unjust enrichment claim against Coloma is barred as a matter of law.

### 4. Conclusion

For the reasons stated above, the Court **denies** Defendant Coloma's amended motion for summary judgment. (**ECF No. 151**.)

**Done and ordered** at Miami, Florida on April 2, 2024.

_____
Robert N. Scola, Jr.
United States District Judge