United States District Court

for the
Southern District of Florida

| | |
|---|---|
| Uniq Branch Office Mexico, S.A. de C.V., and Jacobo Helfon Daniel, Plaintiffs,<br><br>v.<br><br>Steel Media Group, LLC, and others, Defendants. | )<br>)<br>)<br>) Civil Action No. 22-23876-Civ-Scola<br>)<br>)<br>)<br>) |

## Order on Motion for Rule 11 Sanctions

This matter is before the Court on Defendant Gisela Coloma's motion for Rule 11 sanctions against Plaintiffs Uniq Branch Office Mexico, S.A. de C.V., Jacobo Helfon Daniel, and their counsel. (ECF No. 166.) The Plaintiffs have responded (ECF No. 173), and Coloma filed a reply (ECF No. 176). For the reasons set forth below, the Court **denies** the motion. (**Mot., ECF No. 166**.)

Rule 11 sanctions are appropriate "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose." *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995). "Rule 11 is intended to deter claims *with no factual or legal basis at all*; creative claims, coupled even with ambiguous or inconsequential facts, may merit dismissal, but not punishment." *Davis v. Carl*, 906 F.2d 533, 538 (11th Cir. 1990) (emphasis added). Sanctions cannot be imposed where the evidence supporting a plaintiff's claim "is reasonable, but simply weak or self-serving." *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 665 (11th Cir. 2010) (quotations and emphasis omitted); *see also Lawson v. Sec'y, Dep't of Corr.*, 563 F. App'x 678, 681 (11th Cir. 2014) ("The fact that [a plaintiff] has provided some evidence [of his factual contentions] is sufficient to establish that Rule 11 sanctions are inappropriate."). Rule 11 "is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988).

Coloma argues that "Plaintiffs, as well as their counsel, should be sanctioned for their harassing, frivolous, and unsupportable litigation against Defendant Coloma" because the unjust enrichment claim against Coloma has no basis in fact or law. (Mot. at 1, 9.) In fact, Coloma's motion for sanctions

appears closer to harassing, frivolous, and unsupportable behavior. She spends the bulk of the motion arguing that the Plaintiffs' substantive allegations lack support, but "Rule 11 should not be used to raise issues as to the legal sufficiency of a claim or defense that more appropriately can be disposed of by a motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trial on the merits." *In re New Motor Vehicles Canadian Export Antitrust Litigation*, 244 F.R.D. 70, 74 (D. Me. 2007) (denying Rule 11 motion without prejudice to its renewal "if and when [Defendant] obtains summary judgment") (cleaned up); *see Safe-Strap Co., Inc. v. Koala Corp.*, 270 F. Supp. 2d 407, 417-21 (S.D.N.Y. 2003) (discussing that Rule 11 sanctions are not a substitute for motions for summary judgment). Coloma's motion for sanctions was filed before the Court ruled on her motion for summary judgment (which it has subsequently denied), requiring the Plaintiffs and the Court to needlessly expend resources to address the same or similar arguments made in the summary judgment motion. The only other argument that Coloma makes is that the Plaintiffs continue to litigate in order to bankrupt Coloma. (Mot. at 7, 9-10.) But the mere cost of defending against non-frivolous litigation does not justify the imposition of Rule 11 sanctions. *See Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 126 (2015) ("Civil litigation in the federal courts is often an expensive affair, and each party, win or lose, generally bears many of its own litigation expenses . . . .").

      Finally, the Court need not consider a motion for sanctions midway through litigation. The Rules Advisory Committee "anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation . . . ." Fed. R. Civ. P. 11 (Advisory Committee Notes, 1983 Amendment); *see also Bigford v. BESM, Inc.*, No. 12-61215-CIV, 2012 WL 12886184, at *1–2 (S.D. Fla. Oct. 12, 2012) (Seltzer, Mag. J.) (citing *Lichtenstein v. Consolidated Serv. Group, Inc.*, 173 F.3d 17, 23 (1st Cir. 1999) (emphasizing that "[c]ourts should, and often do, defer consideration of certain kinds of sanctions motions until the end of [the litigation] to gain a full sense of the case and to avoid unnecessary delay of disposition of the case on the merits. This is a sensible practice where [as here] the thrust of the sanctions motion is that institution of the case itself was improper")). Here, Coloma objects to the Plaintiffs' filing and continuing to pursue the claims against Coloma, and requests fees and costs for the entirety of litigation. Even if the motion was meritorious, the Court would not need to consider the issue contemporaneously with a motion for summary judgment.

      The Court therefore **denies** Defendant Coloma's motion for Rule 11 sanctions. (**ECF No. 166**.)

**Done and ordered** at Miami, Florida on April 5, 2024.

_____
Robert N. Scola, Jr.
United States District Judge