UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-cv-23876-SCOLA/GOODMAN

UNIQ BRANCH OFFICE MEXICO, S.A.
DE C.V., et al.
    Plaintiffs,

v.

STEEL MEDIA GROUP, LLC et al.
    Defendants.
_____/

REPORT AND RECOMMENDATIONS ON PLAINTIFFS'
AMENDED MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS

In this breach of contract action, Plaintiffs Uniq Branch Office Mexico, S.A. de C.V. ("Plaintiff Uniq") and Jacobo Helfon Daniel ("Plaintiff Helfon") (collectively "Plaintiffs")[1] filed an amended[2] motion for default judgment against Defendants Steel Media Group, LLC ("Defendant Steel") and Luis Fernando Rodriguez Mejia ("Defendant Mejia") (collectively "Defendants"). [ECF No. 189].[3] Defendants did not file a response to

---

[1]     Plaintiff Jacobo Helfon Daniel "is an owner and officer" of Plaintiff Uniq, "and is generally in charge of managing the operations of Uniq." [ECF No. 78, ¶ 14].

[2]     Senior United States District Judge Robert N. Scola Jr. granted in part and denied in part [ECF No. 182] Plaintiff's initial motion for default judgment [ECF No. 131] in accordance with my Report and Recommendations [ECF No. 171] on that motion.

[3]     Plaintiffs sued four defendants in total: Steel Media Group, LLC; Fernando Rodriguez Mejia; Gisela Coloma; and Daniela Garcia. [ECF No. 78]. However, Plaintiffs filed a Notice of Voluntary Dismissal [ECF No. 114] as to Defendant Daniela Garcia and

Plaintiffs' motion and the response deadline has now expired.

Judge Scola referred this motion to the Undersigned "for a report and recommendations, consistent with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules." [ECF No. 191]. As explained below, the Undersigned **respectfully recommends** that Judge Scola **grant in part** and **deny in part** Plaintiffs' motion [ECF No. 189].

I.    Background

Plaintiffs entered into a contract with Defendant Steel where Plaintiffs would promote the 2022 FIFA World Cup to their clients, and their clients would in turn purchase tickets and hospitality packages ("World Cup Packages") through Defendant Steel. [ECF No. 78, ¶ 25]. After Plaintiffs' clients purchased hundreds of thousands of dollars of packages, Defendants informed them that Defendant "Steel was defrauded and unable to make the final payments due on the World Cup Packages." *Id.* at ¶¶ 29–32; 38. Plaintiffs' clients "thereafter assigned collection rights to Plaintiffs for payment in full by Plaintiffs to the [c]lients of the amounts owed by [Defendant] Steel." *Id.* at ¶ 40.

Plaintiffs amended their complaint several times, and they ultimately filed an eleven-count Third Amended Complaint [ECF No. 78] alleging: breach of contract (Count

---

the Court consequently terminated her as a party to this action on September 26, 2023. [ECF No. 116]. On April, 18, 2024, Judge Scola dismissed Plaintiffs' claims against Defendant Gisela Coloma pursuant to Plaintiffs' Notice of Voluntary Dismissal. [ECF Nos. 185; 186].

I); fraudulent inducement (Counts II and III); constructive trust (Count IV); indemnification (Counts V and VI); subrogation (Count VII); civil conspiracy (Count VIII); unjust enrichment (Counts IX and X); and civil theft (Count XI). [ECF No. 78]. The Third Amended Complaint alleges that Defendants misappropriated funds intended to purchase World Cup ticket packages, retained those funds, and failed to deliver the agreed-upon tickets. *Id.* at ¶ 1.

Plaintiffs filed an initial motion requesting the entry of a default judgment in their favor and against Defendants, for $891,020.36[4] in damages, "plus interest, any applicable attorney's fees and costs" awarded by this Court as a result of their breach of the agreements and subsequent assignment/subrogation of the claims by [Plaintiff Uniq's] clients. [ECF No. 131, p. 9]. Judge Scola granted that motion as it relates to liability but denied it without prejudice "with respect to damages, attorney's fees, and costs." [ECF No. 182]. Plaintiffs subsequently filed an amended motion for default judgment and attached an affidavit of indebtedness in support. [ECF Nos. 189; 189-1]. Defendants failed to respond and the time to do so has passed.

II.   **Applicable Legal Standard**

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that

---

[4]   Plaintiffs initially listed the damages amount as $890,560.61 but then corrected to the amount listed here pursuant to their Notice of Compliance with Court Order. [ECF No. 195, ¶ 5].

failure is shown by affidavit or otherwise, the clerk must enter the party's default." A party may then apply to the District Court for a default final judgment. Fed. R. Civ. P. 55(b)(2); *Alfa Corp. v. Alfa Mortg. Inc.*, 560 F. Supp. 2d 1166, 1173 (M.D. Ala. 2008).

A court may not enter a default final judgment based solely on the existence of a clerk's default. *Id.* at 1174. Instead, a court is required to examine the allegations to see if they are well-pleaded and present a sufficient basis to support a default judgment on the causes of action. *Id.* (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[5] Only those factual allegations that are well-pleaded are admitted in a default judgment. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

The decision whether to enter a default judgment "is committed to the discretion of the district court." *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1576 (11th Cir. 1985). Default judgments are "generally disfavored" because this Circuit has a "strong policy of determining cases on their merits." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015). In addition to assessing whether the complaint adequately sets forth facts to support the plaintiff's claims, a court considering the entry of a valid default judgment must "have subject-matter jurisdiction over the claims and have personal jurisdiction over the defendant." *Osborn v. Whites & Assocs. Inc.*, No. 1:20-cv-02528, 2021

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), our appellate court held that all Fifth Circuit decisions issued before the close of business on September 30, 1981 would become binding precedent in the Eleventh Circuit.

4

WL 3493164, at *2 (N.D. Ga. May 20, 2021) (citing *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1215 & n.13 (11th Cir. 2009)).

A court may conduct a hearing on a motion for default judgment when, in order "to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2); s*ee also Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011) (noting that Rule 55(b)(2) "leaves the decision to hold an evidentiary hearing to the court's discretion").

## III. Analysis

This analysis will focus only on Plaintiffs' damages request because the Court already found Defendants liable when it granted in part Plaintiffs' initial motion for default judgment. [ECF No. 182].

### a. Damages

"Once a plaintiff has established a sufficient basis for liability, the Court must conduct an inquiry to determine the appropriate damages." *Gov't Emps. Ins. Co. v. Compass Med. Ctrs. Inc.*, No. 21-CV-23623, 2022 WL 17653816, at *2 (S.D. Fla. Nov. 10, 2022), *report and recommendation adopted*, No. 21-23623-CIV, 2022 WL 17602650 (S.D. Fla. Dec. 13, 2022). Even in the default judgment context, the Court "has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). "Although a defaulted defendant

admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999) (citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 2688 at 58–59 (3d ed. 1998)).

Plaintiffs seek $891,020.36 in damages, "and any interest, costs, and applicable attorney's fees awarded by this Court as a result of [the] breach of the agreements and subsequent assignment/subrogation of the claims by [Plaintiff Uniq's] clients. [ECF No. 189]. Plaintiffs attached a sworn "Affidavit of Indebtedness" by Plaintiff Helfon to their motion. [ECF No. 189-1].[6] Additionally, they attached copies of their transfer of claim agreements and proof of payments. *Id*.

Plaintiff Helfon's affidavit states that "[i]n order to protect Plaintiffs' reputation as luxury accommodation providers and to avoid possible legal claims against them, Plaintiffs made payments to the clients to satisfy any claims they may have against Defendants." *Id.* at ¶ 12. "In exchange for the payments made, the clients either assigned their claims to Plaintiffs or Plaintiffs became subrogated to the rights to seek reimbursement from Defendants[.]" *Id.* at ¶ 13. "Plaintiffs paid the clients a total of [$891,020.36] and have made a claim to Defendants for reimbursement." *Id.* at ¶ 14.

---

[6]     Pursuant to Court Order, Plaintiffs provided the Court with a Table of Contents for this 860-page affidavit. [ECF Nos. 194; 195].

In my Report and Recommendations on Plaintiffs' initial motion for default judgment, I recommended that the Court deny Plaintiffs' damages requests because they failed to provide sufficient support. [ECF No. 171]. There, I stated that:

> Plaintiffs' motion fails to include any supporting documentation, such as the signed agreements, proof of payment to the clients, or any details describing what was paid to whom and by whom. This Court cannot properly enter a judgment awarding damages "without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543–44 (11th Cir. 1985) (*quoting United Artists Corp. v. Freeman*, 605 F.2d 857 (5th Cir. 1979) (*per curiam*))."Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Id*. (internal quotation marks omitted). Plaintiff Helfon's affidavit does not establish the necessary facts needed for the Undersigned to recommend awarding Plaintiffs the requested amount without an evidentiary hearing.
>
> The affidavit merely mentions what is owed to each Plaintiff but does not sufficiently describe how that number was reached. . . . However, there are no attachments of these signed agreements for the Undersigned to review and verify that not only is the amount mentioned accurate, but that it is not *duplicative*.

*Id*. at 12–13 (emphasis in original).

Plaintiffs' amended submission sufficiently supports their damages request because: (1) Plaintiff Helfon's affidavit establishes the necessary facts for this damages award; and (2) together, the attached signed agreements and proof of payments support the affidavit and provide the Court with the means to verify Plaintiffs' request. Therefore, the Undersigned **respectfully recommends** that the Court **award** Plaintiffs $891,020.36 in damages.

As previously stated, Plaintiffs' damages request includes an award of attorney's fees and costs. [ECF No. 189, p. 9]. Plaintiffs made the same request in their initial motion for default judgment. [ECF No. 131]. I recommended that Plaintiffs' initial request for fees and costs be denied because the motion was void of any "evidence or material support in compliance with Local Rule 7.3." [ECF No. 171, pp. 13–14]. Plaintiffs' amended motion suffers from the same deficiencies as their initial motion because it contains the same legal memorandum. [ECF Nos. 131; 189].[7] Plaintiffs did not include any legal discussion or support as to their entitlement to fees and costs in their amended motion nor its attachments.

Therefore, the Undersigned **respectfully recommends** that Plaintiffs' request for attorneys' fees and costs be **denied** because it is unsupported and fails to abide by the Local Rule 7.3 requirements.

## IV. Conclusion

For the reasons stated above, the Undersigned **respectfully recommends** that the Court **grant** Plaintiffs' motion [ECF No. 189] **in part** and award Plaintiffs $891,020.36 in damages. The Court should then **deny** Plaintiffs' request for attorney's fees, and costs. If this Report and Recommendations is adopted, then the Court should instruct Plaintiffs

---

[7] Plaintiffs' amended motion is parallel to their initial motion with only the factual background adjusted to reflect the case's updated procedural history.

8

that any future request for attorneys' fees and costs must abide by Local Rule 7.3 or else they may be subject to consequences, including a denial of their request *with prejudice*.[8]

Plaintiffs must provide a copy of this Report and Recommendations to Defendants. Plaintiffs will file a notice of compliance on CM/ECF by no later than **Wednesday, November 13, 2024**.

## V. Objections

The parties will have seven (7)[9] days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with Senior United States District Judge Robert N. Scola, Jr. Each party may file a response to the other party's objection within seven (7) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140,

---

[8] At the end of my initial Report and Recommendations, I mentioned that "Plaintiffs must file an adequately-supported motion **separately** on the docket consistent with Local Rule 7.3." [ECF No. 171, p. 14 (emphasis in original)]. In adopting that Report and Recommendations, Judge Scola stated that "the denial is *without prejudice* so that [ ] Plaintiffs **may** file a renewed motion providing supporting documentation for damages, attorney's fees, and costs." [ECF No. 182 (italic emphasis in original and bold emphasis added)].

[9] The Undersigned is shortening the deadlines because Defendants have defaulted, and it therefore appears unlikely that they will respond in any way, including the filing of Objections.

9

149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on November 7, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record

Defendant Steel Media Group, LLC
Attn: Luis Fernando Rodriguez Mejia
1221 Brickell Avenue, Suite 900
Miami, FL 33131
*PRO SE*

Defendant Luis Fernando Rodriguez Mejia
1221 Brickell Avenue, Suite 900
Miami, FL 33131
*PRO SE*